**JIAO RU LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04-3213-AG.

United States Court of Appeals, Second Circuit.

Feb. 1, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, (Heather R. Phillips, David Carey Woll, Jr., Assistant United States Attorneys, Washington D.C., on the brief), for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jiao Ru Lin petitions for review of the BIA's June 2004 decision affirming an immigration judge's (IJ's) denial of Lin's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

The IJ relied, in part, on omissions in Lin's airport interview. In *Ramsameachire v. Ashcroft*, this Court adopted the Third Circuit's approach to utilizing airport interviews in assessing an alien's credibility. 357 F.3d 169, 180 (2d Cir. 2004). We noted, *inter alia*, that "if the alien's answers to the questions posed suggest that the alien did not understand English or the translations provided by the interpreter, the alien's statements should be considered less reliable," and that "if it appears that either the record of the interview or the alien's statements may not be reliable, then the BIA should not rely solely on the interview in making an adverse credibility determination." *Id.* Here, the transcript itself—which makes no reference to Lin's alleged forced abortion and quotes her as answering "no" to the specific question of whether she ever tried to get pregnant for the second time in China—in no way suggests that Lin did not understand the translations provided by the Mandarin interpreter. When testifying before the IJ, however, Lin alleged that she had not so testified, and that she had simply signed the written interview transcript (which was in English) because the officials told her that if she did not sign,

she would have to wait at the airport for a "longer time."

Even assuming *arguendo* that this testimony casts doubt on the reliability of the airport interview, such that the IJ and BIA could not rely solely on the interview in making an adverse credibility determination, here the IJ also identified other bases for this determination. The IJ noted, for instance, that Lin had not only failed to submit any proof of her forced IUD insertions and gynecological examinations, but that she had also not gone to a physician here to confirm that she currently had an IUD. Under *Diallo v. INS,* the "absence of corroboration may properly be considered in determining credibility," provided that it is not the only factor taken into account. 232 F.3d 279, 287 (2d Cir. 2000).

Taken as a whole, the significant inconsistencies about whether Lin had suffered from a forced abortion and a subsequent forced insertion of an IUD went to the heart of her claim, combined with her failure to produce any corroboration, and constitute specific, cogent reasons to doubt her testimony in critical portions of her story. *See Zhou Yun Zhang,* 386 F.3d at 74; *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Although some of the bases of the IJ's adverse credibility finding may be questionable, remand would be inappropriate in this case because these questionable bases are so outweighed by the others that Lin would have "no realistic possibility of a different result on remand." *Cao He Lin v. United States Dep't. of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

Lin does not challenge the IJ's finding with regard to her original CAT claim. Therefore, her petition for review of the IJ's finding as to this claim is effectively waived and need not be considered. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, Lin's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).